UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cr-00069-TWP-DML |
| ) | |
| JAIME C. LOPEZ (01), ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PENDING MATTERS**

Before the Court is the Government's Response in Opposition to Expert Report of Michael P. Alerding (Filing No. 42) and Defendant's Second Motion *in Limine* (Filing No. 50). On January 14, 2016, a hearing was held on both matters. The Court will address each matter below.

**I. BACKGROUND**

The Defendant Jamie Lopez (the "Defendant") is charged by Indictment with Counts 1-15: Wire Fraud in violation of 18 U.S.C. § 1343; Counts 16-19: Money Laundering in violation of 18 U.S.C. § 1957; and Count 20: Securities Fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a). Specifically, Defendant is alleged to have defrauded investors, inducing them to transfer their Individual Retirement Accounts (IRAs), collectively worth hundreds of thousands of dollars, to a number of companies that he created. However, instead of investing the money received, Defendant is alleged to have spent the money on personal expenses and paying interest on promissory notes to investors.

## II. DISCUSSION

A.   <u>Opposition to Expert Report and Testimony</u>

In its opposition to the expert report, the Government objects to the proposed testimony of Defendant's witness, Michael P. Alerding, C.P.A. ("Mr. Alerding"), on two bases. First, the Government argues the proposed testimony is not expert testimony. Second, whether or not it is expert testimony, the Government asserts that much of the proposed testimony is not admissible under the evidentiary rules regarding relevance.

Federal Rule of Evidence 702 allows the admission of expert testimony if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." The district court must act as the gatekeeper to ensure that the proffered testimony is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *U.S. v. Pansier*, 576 F.3d 726, 737 (7th Cir. 2009).

The Government does not challenge whether Mr. Alerding is an expert in his field. Instead, the Government seeks exclusion of Mr. Alerding's testimony as "expert testimony", arguing that the expert designation has the potential to "inappropriately elevate", what the Government considers to be, irrelevant evidence. (*See* Filing No. 42 at 2.) The Court agrees that an expert determination by the Court is not warranted. Characterizing Mr. Alerding's testimony as that of an "expert" may unduly confuse the jury, given the anticipated nature of Mr. Alerding's testimony. In fact, the Courtroom Procedures and Trial Practice before this Court explain that regarding experts, "Counsel may establish qualifications; the Court will not declare a witness to be "an expert".[1] This practice is typical amongst the judges in this district.

---

[1] See *Courtroom Procedures and Trial Practices Before the Honorable Tanya Walton Pratt*, Dec. 2015, page 11.

On the second issue, the Government asserts that much of the proposed testimony of Mr. Alerding is not admissible under the evidentiary rules regarding relevance.  As explained in their brief and at the hearing, the Government will seek to demonstrate that Defendant did not invest money in the manner represented to his investors, instead depositing the money in the accounts of businesses owned by him and his wife and using the money for personal reasons.  (*See* [Filing No. 42 at 4-5](#)) ("[t]he government expects that the victim-investors will testify unanimously and unequivocally that Lopez operated a business that made loans to large businesses and municipalities, and purchased real estate, which generated significant profits for his investors, and the investors' principle would always be safe.  Never did Lopez tell them that their money would be invested in his wife's business.  If he had, they all would have refused to invest with him.".)  In support, IRS Agent DeLancey, who is designated as a Government lay witness, will show the flow of money in and out of the Defendant's bank accounts.

In his report, Mr. Alerding opines that:  (1) Mr. Lopez operated closely-held businesses and that his payment of personal expenses through the business is not atypical for such businesses; and (2) that Mr. Lopez operated profitable businesses, including JCLC, one of the businesses in which Mr. Lopez deposited the investors' funds.  (*See* [Filing No. 42-1 at 8](#).)

Given its theory of liability, the Government argues that the opinion that Defendant's businesses were profitable is irrelevant.  In particular, the Government argues that Defendant never told his investors that he would invest their money in his own businesses or those of his wife, and instead promised to invest the funds elsewhere.  According to the Government, the fact that Defendant's business may ultimately be able to pay back his investors is irrelevant to the issue whether Defendant did, in fact, make misrepresentations to his investors.

3

Defendant argues that Mr. Alerding's testimony is necessary to present a full defense. Defendant notes that the Government will rely heavily on the fact that Defendant's businesses and those of his wife failed to make payments to his investors and is not capable of do so going forward. As a result, Defendant argues that Mr. Alerding's testimony, which suggests a contrary conclusion of the economic viability of his businesses, is necessary to rebut the Government's evidence of "loss" to his investors.

Given the heavy presumption in favor of admissibility and the Defendant's right to present a full defense, the Court is persuaded that Mr. Alerding's testimony is at least minimally relevant and should be admitted. *Gayton*, 593 F.3d at 616 (noting the preference for cross-examination rather than exclusion of expert testimony); *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) (noting that the right to call witnesses on one's own behalf is essential to due process and the right to a fair opportunity to defend against the government's accusations).

Accordingly, Mr. Alerding will be permitted to testify, but only as a lay witness. In this regard, the Court notes no objection from the Government to this conclusion. (*See* Filing No. 39 at 2.) As a result, while Mr. Alerding's testimony may be discussed as "opinion" testimony, the Court and the parties are prohibited from referring to Mr. Alerding as an "expert" during trial. *See U.S. v. Jones*, 488 F.3d 690, 697 (6th Cir. 2007) (quoting ABA Civil Trial Practice Standard 17 (Feb. 1998)) ("[e]xcept in ruling on an objection, the court should not, in the presence of the jury, declare that a witness is qualified as an expert or to render an expert opinion, and counsel should not ask the court to do so"); *U.S. v. Bartley*, 855 F.2d 547, 552 (8th Cir. 1988).

**B.     Motion *in Limine***

The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398,

1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

    **1.**     <u>**Use of the term "lulling payments" in the Government's summary reports**</u>

Defendant first seeks to exclude the term "lulling payments" from the Government's summary exhibits. Defendant contends that the term does not appear on any of the documents summarized by the Government and asserts that the term is argumentative.

To begin, the Court notes that the term "lulling payments" is frequently used in fraud cases to describe payments made by a defendant from one investor's investment to pay "interest" on another investor's investment. *See, e.g.*, *U.S. v. Moskop*, 499 Fed. App'x 592, 594 (7th Cir. 2013) (unpublished opinion) (however, this is the only Seventh Circuit case that uses the term); *U.S. v. Dejong*, 42 Fed. App'x 5, 5-7 (9th Cir. 2002) (unpublished opinion) (concluding that such payments were properly considered "lulling payments" when the Defendant admitted that the "payments were designed to prevent discovery of the scheme to defraud").

However, the Court agrees that the term is, indeed, argumentative and has the potential to prejudicially influence the jury when used to summarize bank accounts that do not otherwise include the term. *See, e.g.*, *U.S. v. Plato*, 593 Fed. App'x 364, 375 (5th Cir. 2015) (evaluating the potentially prejudicial effect of the terms "Ponzi scheme" and "lulling payments" when attributed to the actions of the defendant). The Court finds the term "lulling payment" to have a potentially

prejudicial impact, particularly when presented as a summary exhibit depicting numerous bank transactions. Accordingly, the Court grants this portion of Defendant's motion[2].

### 2.   Investment Records of Stevie Brown

Defendant also seeks to exclude the investment records of Stevie Brown ("Mr. Brown"). Defendant asserts that the records are not relevant since Mr. Brown is not alleged to be a victim and because the Government has not designated Mr. Brown as a witness. The Government asserts that Mr. Brown's investment records are relevant because they will be used to show that Defendant used a portion of Mr. Brown's investment to pay "interest" on another investor's account. The Court concludes that this evidence is relevant, as the Government suggests, but solely for the limited purpose asserted by the Government. Accordingly, the Court denies this portion of Defendant's motion, allowing the submission of the records, solely for the narrow purpose identified by the Government.

### 3.   Use of a Highlighted Exhibits

Finally, Defendant seeks to exclude the Government's use of a highlighter on several of its documentary exhibits. Defendant asserts that the use of a highlighter might prejudice the jury's perception of certain exhibits. The Government asserts that in preparing exhibits from the IRA management company that it will offer for trial, it has highlighted some pages of documents concerning conversations with the victims who are going to testify and the highlights are simply for the purpose of focus on those entries. This case is likely to involve a significant amount of documentary evidence, and the Court is, therefore, persuaded that some highlighting might assist the jury in its deliberation without creating a miscarriage of justice. Accordingly, the motion *in*

---

[2] The Court notes that during the Court's hearing on the motion, Mr. Lopez did not object to the use of the term "lulling statement" at trial for the purposes of argument. As such, the Government is only prohibited from using the term "lulling payment" in its summary exhibits, consistent with the scope of Mr. Lopez's objection.

*limine* is denied. The Court notes, however, that it has not personally viewed the proposed highlighted exhibits. During trial, if Defendant believes highlighted select portions of a voluminous exhibit unduly emphasize only a part of the text in such a way as to confuse, deceive, or mislead the jury, defense counsel should renew this objection.

### III. CONCLUSION

For the reasons stated above, the Government's Response in Opposition to Expert Report of Michael P. Alerding (Filing No. 42) is **GRANTED in part** and **DENIED in part**; and Defendant's Second Motion *in Limine* (Filing No. 50) is **GRANTED in part** and **DENIED in part.**

SO ORDERED.

Date: 1/15/2016

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles C. Hayes
SWEENEY HAYES LLC
charleshayes.atty@gmail.com

Kathleen M. Sweeney
SWEENEY HAYES LLC
ksween@gmail.com

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov